UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEYOKA ROBINSON,

              Plaintiff,                      **COMPLAINT AND**
                                                             **JURY DEMAND**

          -against-

THE CITY OF NEW YORK, TRUANCY OFFICER
TETSOLA SANTIAGO,

              Defendants.
------------------------------------------------------------X

      The Plaintiff, KEYOKA ROBINSON, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

      2.     Plaintiff KEYOKA ROBINSON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

      3.     At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant truancy officer Tetsola Santiago, was employed by the City of New York as a member of the NYPD. Santiago is sued in her individual and official capacities.

5. This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

6. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **FACTUAL ALLEGATIONS**

7. Plaintiff is an African-American transgender male.

8. On or about May 11, 2016, at approximately 10:30 a.m., plaintiff was in the area of 810 Franklin Avenue in the County of Kings, City and State of New York.

9. Defendant, truant officer Santiago, approached plaintiff and made a disparaging remark regarding plaintiff's gender.

10. Plaintiff responded that he was not a minor and showed officer Santiago his identification card.

11. Defendant Santiago put on her gloves and attacked plaintiff.

12. Plaintiff asked officer Santiago to stop as plaintiff was in the process of recovering from a pre-existing neck injury.

13. Plaintiff fell onto the ground.

14. Additional officers arrived at the scene and dragged plaintiff into the police van.

15. Once at the precinct, plaintiff asked for medical attention.

16. Plaintiff was denied medical assistance for some time.

17. All charges against plaintiff were false and his arrest was subsequently voided.

18. Once plaintiff was released, plaintiff sought treatment at Kings County Hospital where he was treated.

19. As a result of the Defendant ' actions, Plaintiff suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent

nature.

20. At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

21. At all relevant times herein, the defendant was on duty and acting within the scope of her employment.

22. The defendant attempted to cover up her use of excessive force by lying about her actions even though no probable cause existed for plaintiff's arrest.

23. Thus, the defendant is responsible for the assault on plaintiff and the subsequent cover up for her direct participation in this conduct.

## FIRST CAUSE OF ACTION
### (§1983 Claim Against the Individual Defendant)

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. The defendant used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

26. The defendant sought to cover up said misconduct by lying about the excessive force and the falsified version of the facts surrounding the arrest of plaintiff.

27.     The defendant subjected plaintiff to excessive force and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

28.     By reason thereof, the individual defendant has violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION
### (Unreasonable Force)

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendant violated the Fourth and Fourteenth Amendments because they used unreasonable force upon plaintiff.

31.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

32.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CUASE OF ACTION
### (False Arrest)

33.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

34.     The individual defendant unlawfully seized and arrested plaintiff without probable cause to do so.

35. Plaintiff was aware of his confinement and did not consent to such confinement.

36. The individual defendant is therefore liable for falsely arresting and imprisoning the plaintiff.

37. By reason thereof, the individual defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress.

## FOURTH CAUSE OF ACTION
### *Monell*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

40. Upon information and belief, the municipal defendant was on notice prior to May 11, 2016, that the individual defendant had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the

defendant's conduct, covered up her further misconduct, and left the defendant in place to continue her pattern and practice of unconstitutional behavior.

41. Upon information and belief, the individual defendant has also amassed a number of civilian complaints for a variety of misconduct.

42. Notwithstanding the litany of complaints concerning the defendant's prior misconduct, the City of New York continued to employ the defendant without any change in her status.

43. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendant's general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendant, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendant's supervision, or otherwise ensure that they would not engage in such blatant misconduct.

44. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the defendant was prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendant ' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendant  to continue to engage in such misuses of force.

45. Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendant in particular, interact.

46. These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendant.

47. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

48. The City's failure to act in the fact of overwhelming evidence that the defendant were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendant ' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

49. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendant jointly and severally as follows:

(a) Actual and punitive damages against the individual defendant in an amount to be determined at trial;

(b) Actual damages in an amount to be determined at trial against the City of New York;

(c) Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d) Such other relief as the Court deems just and proper.

DATED: Brooklyn, New York
May 10, 2019

*AMY RAMEAU*
Amy Rameau, Esq.

The Rameau Law Firm

9

                                        16 Court Street, Suite 2504
                                        Brooklyn, New York 11241
                                        Phone: (718) 852-4759
                                        rameaulawny@gmail.com

                                        *Attorney for Plaintiff*

TO:        All Defendant
             Corporation Counsel of the City of New York